IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA ALICEA

    **Plaintiff(s)**

v.

UNITED STATES OF AMERICA
(Small Business Administration),

    **Defendant(s)**

CIVIL NO. 97-2876(JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Plaintiff Maria Alicea ("Alicea") brought suit against defendant United States of America (Small Business Administration) seeking to annul a mortgage foreclosure sale after she discovered a series of problems that disturbed her right to take quiet title of the property. The Complaint invokes the Court's jurisdiction pursuant to 28 U.S.C. § 2001, the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., and the Administrative Procedure Act, 5 U.S.C. §§ 702 et seq..[1] Defendant has filed a motion to dismiss, contending, *inter alia*, that the Court lacks subject matter

---

[1] Alicea's Complaint pointed only to 28 U.S.C. § 2001 as the ground for federal jurisdiction, see Complaint at ¶ 1. In her opposition to defendant's motion to dismiss, however, Alicea claimed two alternative bases of jurisdiction: the Federal Tort Claims Act and the Administrative Procedure Act. The Court will analyze Alicea's claims under the three potential jurisdictional bases.

Civil No. 97-2876 (JAG)                                                                 2

jurisdiction and that Alicea's claims are time-barred. After reviewing the record, the Court grants defendant's motion.

## FACTUAL BACKGROUND

On January 11, 1995, Alicea acquired a property in Barrio Florida Afuera, Sector Magueyes, Barceloneta, in a mortgage foreclosure auction executed by the Small Business Administration. She paid $70,000 for the property. (Complaint, ¶ 3, 4). One week prior to the auction, Alicea had inspected the property, accompanied by SBA sales agent Miguel Ramos-Oliveras. (Id. at ¶ 5). The SBA supplied Alicea with information about the property such as an appraisal report and a certification of title study. (Id. at ¶ 6). Alicea contends, however, that the SBA did not inform her about an encroachment problem with the property and did not properly identify the full scope of the property.

Almost a year earlier, in March 15, 1994, the United States, for and on behalf of the Small Business Administration, brought a foreclosure action pursuant to 28 U.S.C. § 1345, against Tomas Gonzalez Gonzalez and his wife. United States v. Gonzalez Gonzalez, Civil No. 94-1345 (CC).[2] The United States sought to

---

[2] 28 U.S.C. § 1345 confers jurisdiction on district courts over actions brought by the United States to foreclose a mortgage on realty located in this district. See, e.g., United States, for and on behalf of SBA v. Torres, 142 F.3d 962 (7th Cir. 1998). The United States sued to execute a first mortgage lien encumbering the property then-occupied by Gonzalez Gonzalez, and later acquired by Alicea.

Civil No. 97-2876 (JAG)                                                          3

foreclose, and later evict, Gonzalez Gonzalez and his wife from the Barceloneta property that Alicea acquired at the January 11, 1995 auction. On February 28, 1995, the Court confirmed the foreclosure and execution of the property in Alicea's favor. (Id. at ¶ 7).

In late 1995, Alicea tried to intervene in the foreclosure action, alleging that the SBA had misled her and induced her to error. The Court denied her request. On December 14, 1995, it issued an order stating that Alicea had been "the successful bidder and there are no issues to be resolved related to the public sale which has been confirmed." (Civil No. 94-1345, Endorsed Order to Docket 30). Alicea thereafter tried to seek Gonzalez Gonzalez's eviction from an adjacent property that Alicea believed belonged to her, but the Court denied that motion as well. (Id., Docket 36). Lastly, Alicea sought relief from judgment under Fed. R. Civ. P. 60, but the Court denied her motion on June 6, 1997. (Id., Docket 41).

Six months later, on December 17, 1997, Alicea filed this action. Alicea contends that she has been unable to take quiet title to her property since February, 1995, because she was misled and induced into error by the SBA. She claims that Ramos-Oliveras knew or should have known about the putative defects that prevented her from taking quiet title to the property.

Alicea seeks the annulment of the January 11, 1995 purchase contract and the return of the money she paid for the property.

Civil No. 97-2876 (JAG) 4

## DISCUSSION

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiffs' favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)(citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), quoted in Davis v. Monroe County Bd. of Educ., 526 U.S. 629 (1999); see also Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)(dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory").

But "[a]lthough this standard is diaphanous, it is not a virtual mirage." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997)(quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Id. In judging the

Civil No. 97-2876 (JAG)                                                    5

sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). See also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Courts, moreover, "will not accept a complainant's unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).

A.  28 U.S.C. § 2001

Defendant contends that the Court lacks subject matter jurisdiction under 28 U.S.C. § 2001. Alicea disagrees, and argues that defendant "brought this action initially to Federal Court," presumably referring to the Gonzalez Gonzalez case. Because defendant filed an action in federal court, Alicea maintains, she should not be required to file in state court, "which has not dealt with the case in any of its phases." Id. "The only avenue available," Alicea concludes, "is to seek revision from this court." The Court disagrees.

Section 2001 sets forth a procedure for the public sale of property. See, e.g., First Federal Sav. and Loan Ass'n of P.R. v. Zequeira, 288 F. Supp. 384 (D.P.R. 1968). A review of that statute reveals that it does not confer a right of action on parties like

Alicea, who seek to attack a duly confirmed foreclosure. This applies with special force here, where the District Judge who issued the order confirming the sale received an opportunity to examine Alicea's contentions. In any event, the Courts have held that § 2001 does not apply to execution sales. See United States v. Branch Coal Corp., 390 F.2d 7, 9-10 (3d Cir. 1968); see also Yazoo & M.V.R. Co. v. City of Clarksdale, 257 U.S. 10, 19 (1921))(distinguishing between judicial sales made under order or decree of court, which require confirmation of the court for their validity, and execution sales, which issue by mere praecipe of the judgment creditor and only come under judicial supervision on complaint of either party).

To the extent that Alicea wishes to attack the confirmation of the sale, § 2001 does not endow this Court with jurisdiction to entertain her claim. Accordingly, her claim under § 2001 must be dismissed.

B.  Federal Tort Claims Act

Distilled to its essence, Alicea's claim is that the SBA agent misled her into believing that the property she bought at the January, 1995 public auction comprised more space than it actually did. To the extent that Alicea seeks relief for that alleged violation under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., her cause of action is barred under the

Civil No. 97-2876 (JAG)                                                    7

applicable statute of limitations, as well as for her failure to exhaust administrative remedies.

Under the FTCA, the United States waives its sovereign immunity for "injury or loss of property ... caused by the negligent act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his or her scope of employment.[3] See 28 U.S.C. § 2679(a).

This waiver of immunity is subject to numerous conditions, including: (1) the presentation of a claim for a sum certain within two years of accrual of the cause of action to the appropriate federal agency and denial of the claim before bringing suit, see 28 U.S.C. § 2675(a); and (2) the filing of a civil suit within six months of denial of the administrative claim, see 28 U.S.C. § 2401(b). "It is essential that the requirements of the Federal Tort Claims Act be strictly adhered [to] prior to asserting a claim in federal court." Alicea Baez v. United States, 976 F. Supp. 102,

---

[3] The FTCA applies to claims against the SBA. See Protho v. United States, 704 F. Supp. 226, 227 (N.D. Ga.), aff'd 864 F.2d 794 (11th Cir. 1988) (citing Taylor v. Administrator of SBA, 722 F.2d 105, 109-10 (5th Cir. 1983)).

104 (D.P.R. 1997) (<u>citing</u> <u>Segarra Ocasio v. Banco Regional de Bayamon</u>, 581 F. Supp. 1255, 1257 (D.P.R. 1984)). To avoid dismissal, Alicea must show that she has complied with all conditions to effect a waiver of sovereign immunity. She has not done so.

Alicea did not exhaust administrative remedies prior to filing suit. The record is devoid of any indication that she, to this day, has ever complied with the FTCA's administrative exhaustion requirements. She claims that she was not required "to comply with the Agency's procedures prior to seeking judicial revision," (Docket 6 at 2) but she doesn't cite any cases to support her contention. The filing of an administrative claim under the FTCA is a prerequisite to suit, imposed by Congress, which the Court has no power to waive, even where a plaintiff believes that the filing of a claim would be futile. <u>See</u>, <u>e.g.</u>, <u>Nero v. Cherokee Nation of Oklahoma</u>, 892 F.2d 1457, 1463 (10th Cir. 1989); <u>Cotto v. United States</u>, 993 F.2d 274, 280 (1st Cir. 1993).

Exhaustion of plaintiff's administrative remedies is a jurisdictional prerequisite to the prosecution of her FTCA claim. "It is well settled law that an action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency." <u>Attallah v. United States</u>, 955 F.2d 776, 779 (1st Cir.

Civil No. 97-2876 (JAG)                                                9

1992). Alicea's claims are barred by her failure to submit an administrative claim before the SBA.

Alternatively, Alicea's claims would be barred for failing to file an administrative claim within two years of the claim's accrual. See 28 U.S.C. § 2401(b).

C.  Administrative Procedure Act

Lastly, Alicea contends, in her opposition to the motion to dismiss, that the Administrative Procedure Act, 5 U.S.C. § 702 et seq. can provide a basis for jurisdiction. She points to the language of the statute, but does not explain how it supports her argument. Section 702 waives the government's sovereign immunity for claims seeking relief "other than money damages" from administrative action. See Berman v. United States, 264 F.3d 16, 21 (1st Cir. 2001). Moreover, section 702 specifically limits the government's waiver of sovereign immunity by denying the courts any "authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." Id. The FTCA is one such statute. Accordingly, the Court has no jurisdiction to entertain Alicea's claim under the APA.

## CONCLUSION

For the foregoing reasons, the Court grants the defendant's motion to dismiss. This case will be dismissed with prejudice. Judgment will enter accordingly.

Civil No. 97-2876 (JAG) 10

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of November 2001.

JAY A. GARCIA-GREGORY
United States District Judge

s/cs:to ( 2 )
attys/pts
in ICMS

11/26/01

AO 72A
(Rev.8/82)